IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

LISA CAROL WARD,                )
                                )
            Petitioner,          )
                                )
        v.                       )    1:08CV616
                                )
CABARRUS COUNTY,                 )
                                )
            Respondent.          )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 29, 2005, in the Superior Court of Cabarrus County, North Carolina, Petitioner was convicted by a jury of first-degree burglary in case 04 CRS 53165. She was then sentenced to 90-117 months of imprisonment. Petitioner did file a direct appeal, which was denied by the North Carolina Court of Appeals on June 6, 2006. State v. Ward, No. COA05-1282, 2006 WL 1531880 (N.C. Ct. App. June 6, 2006)(unpublished). Petitioner did not seek discretionary review from the North Carolina Supreme Court.

Petitioner's next action in the case was the filing of a motion for appropriate relief in the trial court on December 20, 2006. That motion was denied in an order filed on December 22, 2006. So far as the record reflects, Petitioner made no further filings in the state courts. Instead, she submitted an undated petition for habeas corpus to this Court on June 10, 2008, in case 1:08CV383. When that petition was dismissed for procedural

deficiencies, she submitted the current petition, which is dated as having been mailed on August 7, 2008 and which was received by the Court on August 27, 2008. Respondent has filed a motion for summary judgment.

## Discussion

Respondent requests dismissal on the ground that the petition was filed[1] outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2244(d)(1). The AEDPA amendments apply to petitions filed under § 2254 after April 24, 1996. Lindh v. Murphy, 521 U.S. 320 (1997).

Interpretations of the limitation periods found in 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). The limitation period ordinarily starts running from the date when the judgment of conviction became final at the end of direct review. Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000). Finality has been construed to mean when a petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court; or, (2) the expiration of the time to file such a petition. Clay v. United

---

[1] A petition is filed by a prisoner when the petition is delivered to prison authorities for mailing. Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999).

States, 537 U.S. 522 (2003); Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002).[2]

In the present matter, Petitioner never pursued her direct appeal to a point where she could seek certiorari from the United States Supreme Court. She did file a direct appeal with the North Carolina Court of Appeals, but did not seek discretionary review from the North Carolina Supreme Court. The North Carolina Court of Appeals denied the appeal on June 6, 2006. Petitioner's conviction became final for purposes of AEDPA thirty-five days later when her time to petition the North Carolina Supreme Court for discretionary review expired under state law. See Saguilar v. Harkleroad, 348 F. Supp. 2d 595 (M.D.N.C. 2004). This means that her conviction was final and her year to file her habeas petition began to run on July 11, 2006.

Petitioner's time to file began to run on July 11, 2006 and ran for 161 days until she filed her motion for appropriate relief on December 20, 2006. The one-year limitation period is tolled while state post-conviction proceedings are pending. Harris, supra. The suspension is for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Taylor v. Lee, 186 F.3d 557, 561 (4th Cir.

---

[2] The time to file can start running at a later time where the facts or law underlying the claim do not exist or are not reasonably discoverable at the time the conviction is final. However, all of Petitioner's claims pertain to events and rulings made during her trial.

-3-

1999). Therefore, as of December 20, 2006, the time period was tolled with 204 days remaining.

Ordinarily, following the denial of a motion for appropriate relief, a prisoner would file for certiorari with the North Carolina Court of Appeals. If the petition for certiorari is denied, the state post-conviction process ends and the AEDPA time limit begins to run again. Petitioner's motion for appropriate relief was denied on December 22, 2006, but Petitioner did not seek further review by filing for certiorari. Instead, she allowed more than a year and a half to pass and then filed her first habeas petition in this Court on June 10, 2008.

Respondent states that, because Petitioner did not seek further review of the denial of her motion for appropriate relief, she should be deemed to have abandoned review and the one-year period should be deemed to have begun to run again on December 22, 2006 when the order denying the motion for appropriate relief was entered. Prior cases from this Court suggest that it should actually be calculated as having begun to run no more than thirty days after the entry of the denial order. McConnell v. Beck, 427 F. Supp. 2d 578, 582 (M.D.N.C. 2006)(time to seek certiorari from the denial of a motion for appropriate relief under North Carolina law is without "unreasonable delay," but North Carolina courts would not likely interpret that to be more than thirty days). Whichever method is used to calculate the end of Petitioner's state court post-conviction review, the petition is time-barred. Even using the more generous calculation method from McConnell,

-4-

Petitioner's time period began to run again thirty days after her motion for appropriate relief was denied, or January 21, 2007.  It then ran uninterrupted for 204 days until it expired on August 14, 2007.  Her first habeas petition was not mailed to this Court until June of 2008, nearly ten months out of time.

Petitioner has done nothing to contest this conclusion.  The § 2254 form she submitted asked her to explain why, given that her petition was being filed more than a year after her conviction became final, it should be considered timely.  (Docket No. 2 at 14).  Petitioner did not answer that question.  Further, after Respondent filed its motion for summary judgment, Petitioner was informed in a letter sent from the Clerk of Court in this District that she could file a response to the motion for summary judgment.  (Docket No. 7.)  Petitioner later submitted her own letter in which she acknowledged receiving the letter from the Clerk, asked the Clerk for advice, and inquired as to whether she could receive a nine-day extension to file a response.  (Docket No. 8.)  She was told by letter dated January 16, 2009 that she would need to submit an actual motion for an extension of time if she wished to have one.  (Docket No. 9.)  Two and one half months have now passed and Petitioner has submitted neither a motion for extension of time nor any response to the summary judgment motion.  That motion and the arguments raised in it are uncontested.  It should be granted based on the fact that the petition is time-barred.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion for summary judgment (Docket No. 5) be granted, that the petition (Docket No. 2) be denied, and that Judgment be entered dismissing this action.

                                            /s/ Donald P. Dietrich
                                                **Donald P. Dietrich**
                                       **United States Magistrate Judge**

April 3, 2009